# GEORGE W. AKERS

*v.*

## DAVID GEORGE.

CATTLE RUNNING AT LARGE—*under act of* 1867. In an action of replevin for the alleged wrongful taking and detention by the defendant of ninety head of cattle belonging to the plaintiff, the defendant justified the taking and detention of the cattle under the act of March 7, 1867, entitled "An act to prevent domestic animals from running at large in the counties of Monroe, St. Clair and other counties." It appeared the plaintiff's cattle were in the field of one Dement, with the consent of the latter, and that they passed thence upon the premises of the defendant, through a breach in the partition fence made by the cattle of the defendant where they were taken up by him: *Held*, the breach thus made, it was the duty of the defendant to repair, and under such circumstances he had no more right to take up and hold the plaintiff's cattle under the act mentioned, thus trespassing on his land, than he would have had if the breach in the fence had been made by the defendant himself instead of by his cattle.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was an action of replevin, brought by Akers against George, for the alleged wrongful taking and detention, by the defendant, of ninety head of cattle belonging to the plaintiff.

The defendant justified the taking of the cattle under the act of March 7, 1867, entitled "An act to prevent domestic animals from running at large in the counties of Monroe, St. Clair and other counties."

The cattle were taken up by the defendant while upon his premises, they having passed thereon from the enclosure wherein they were grazing.

To the pleas of the defendant the plaintiff filed an amended additional replication, as follows:

That defendant ought not to avow said taking of said cattle, etc., in the place in which, etc., and justly, etc., by reason of anything in said amended second plea and additional plea contained, because he says that, at said time, when, etc., said

lands of defendant in said pleas mentioned adjoined the certain lands of plaintiff and one John Dement; that before, and at the time when, etc., said lands of plaintiff and John Dement were enclosed by an outside fence, and made and composed one common field, were not separated or divided by any partition fence, and before then had been, and then were, used, occupied and enjoyed by plaintiff with the consent and knowledge of said John Dement; that before said time, when, etc., between said lands of defendant and said lands of said John Dement there had been erected a partition fence dividing and separating said lands of defendant from said lands of said John Dement; that, on September 26, 1869, the cattle of defendant broke down said partition fence; that, thereupon, it became and was the duty of defendant to repair and render sufficient to turn cattle, said fence so broken down, but defendant, notwithstanding his said duty, suffered and permitted said fence to continue and remain broken down, destroyed and insufficient to turn cattle as aforesaid; that said cattle of said plaintiff, in said declaration mentioned, were, just before the said time when, etc., upon said lands of plaintiff and said lands of said John Dement, and that, by reason of the said fence having so remained and continued broken down, destroyed and insufficient to turn cattle, said cattle of plaintiff escaped into, and were, at said time, when etc., upon said lands of said defendant, and were then and there taken, etc., as in said plaintiff's declaration alleged.

To this replication the court sustained a demurrer. Upon a trial of the cause by the court, a jury being waived, the issues were found for the defendant. The plaintiff appeals.

Messrs. EUSTACE, BARGE & DIXON, for the appellant.

Mr. JAMES K. EDSALL, for the appellee.

Per CURIAM: There was error in sustaining the demurrer to the amended additional replication. It shows that plaintiff's cattle were in Dement's field with the consent of the

latter, and they passed thence upon the premises of the defendant through a breach in the partition fence, made by the cattle of the defendant himself. The breach thus made, it was his duty to repair. Under such circumstances the defendant had no more right to take up and hold plaintiff's cattle under the act of 1867, entitled "Domestic Animals," than he would have had if the breach in the fence had been made by the defendant himself, instead of by his cattle.

The judgment is reversed and the cause remanded.

*Judgment reversed.*